877 F.2d 59
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph L. FORSYTH, Jr., Plaintiff-Appellant,
v.
Dave WILLIAMS, Warden, Edward Murray, Director, Defendants-Appellees.
 No. 89-7570.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 12, 1989.
Decided June 8, 1989.
Rehearing Denied July 27, 1989.
 
 Joseph L. Forsyth, Jr., appellant pro se.
 Williams W. Muse, Office of the Attorney General of Virginia, for appellees.
 Before K.K. HALL, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Joseph Forsyth, a Virginia prisoner, filed a 42 U.S.C. Sec. 1983 complaint seeking expunction of allegedly false information from his prison file. The magistrate[1] held that the disputed information was not false and granted defendants' motion for summary judgment. We affirm.
 
 
 2
 Forsyth seeks the removal of information regarding an alleged incident in September 1986, where he was accused of allowing a six-year old child, who, along with her father, was visiting him at the James River Correctional Center (JRCC), to fondle him.[2] A subsequent investigation by the Department of Corrections (DOC) determined that the charge was unsubstantiated and no charges, criminal or institutional, were ever lodged against Forsyth. As a result of the allegation, Forsyth was temporarily detained in administrative segregation (pending the investigation) and ultimately was transferred to Powhatan Correctional Center (PCC) due to the perceptions of certain inmates at JRCC that Forsyth had committed the alleged act. In this action Forsyth only seeks expunction of any reference to this unfounded allegation in his prison file. Forsyth contends that this information is false and that it will adversely affect his chances to improve his custody status and for parole.[3]
 
 
 3
 Forsyth's claim is governed by the standards we announced in Paine v. Baker, 595 F.2d 197 (4th Cir.), cert. denied, 444 U.S. 925 (1979). In Paine, we held that to establish a constitutional violation in this context a prisoner must allege that (1) the information is in his file, (2) the information is false, and (3) the information has been, or will be, relied on to a constitutionally significant degree. Id. at 201. We find that Forsyth's complaint is deficient in two respects. First, and most importantly, Forsyth has not met his burden to establish that there is false information in his prison file. That is, Forsyth has alleged that the charge was false, but he has not alleged that his prison records inaccurately reflect otherwise. In this regard, we note that the records submitted by defendants, and unrefuted by Forsyth, clearly establish that the DOC has accurately reported the sequence of events spawned from the allegation in this case. Thus, the records show that the charge was made and found to be unsubstantiated.[4]
 
 
 4
 Secondly, we hold that Forsyth has not sufficiently alleged that this information has been, or will be, relied on by prison officials to his detriment. We do not deem Forsyth's allegation that prison officials must have relied on the disputed information to deny him "A" custody status as a statement that they actually relied on the misinformation without anything more than his speculation. Moreover, we consider it unreasonable to presume that prison officials will rely only on the allegation and ignore the later determination that the allegation was unfounded, absent any contrary evidence.
 
 
 5
 Accordingly, we affirm the holding of the magistrate. We dispense with oral argument because the facts and legal contentions are adequately presented in the record before this Court and oral argument could not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 The parties consented to the jurisdiction of the magistrate pursuant to 28 U.S.C. Sec. 636(c)(1)
 
 
 [2]
 The accusation was made by another inmate who allegedly saw the incident
 
 
 [3]
 Forsyth claims he has already been denied "A" custody status as a result of this information. He will not be eligible for parole until 1990
 
 
 [4]
 We also note that DOC has a valid reason for such information--the history of why he was transferred from JRCC is a proper concern for any prison official responsible for Forsyth's care